

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1635-10

### THE STATE OF TEXAS

### v.

### ROY ANDREW WEAVER, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### POLK COUNTY

**KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.**

### DISSENTING OPINION

Under our recent opinion in *Elias v. State*,[1] we are required to reverse and remand this case to the court of appeals so that it can order the trial judge to enter a finding on the essential, dispositive fact(s) that controls the disposition of this case. Faulting the State for assuming that the van was parked in a public lot, the majority improperly views the evidence in the light most favorable to the trial judge's suppression ruling and concludes that the van

---

[1] 339 S.W.3d 667 (Tex. Crim. App. 2011).

was not parked in a public place. But the trial judge did not make any factfinding on whether the van was parked in a public or private lot. That the majority has to imply the fact that the van was parked in a private lot clearly proves my point. The only fact that has any bearing on this issue is the trial judge's finding that "[a] van located beside the defendant's shop on property owned by the defendant." This statement says nothing about whether the lot was open to the public. In cases in which the State requests findings, which it did here, the judge is required to make all essential findings.[2] And under *Elias*, when the record reveals that the trial judge failed to make an essential, dispositive finding, when properly requested to do so by the losing party, the case must be remanded to the trial judge to make such finding(s).[3] Only when a trial judge does not enter findings of fact are we permitted to "view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling . . . ."[4] I dissent to the majority's disposition of this case and would reverse the court of appeals's judgment and remand the case so that it can comply with our holding in *Elias*.

---

[2] *Id*. at 674-76 (citing *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)). *But see State v. Ross*, 32 S.W.3d 853, 856-57 (Tex. Crim. App. 2000) (when the trial judge is not required to not make findings and conclusions, we presume that the trial judge resolved all factual issues in favor of the prevailing party).

[3] *Elias*, 339 S.W.3d at 676, 679.

[4] *Ross*, 32 S.W.3d at 855 (citing *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000)).

DATE FILED: September 28, 2011
PUBLISH